65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Araya WOLDE-GIORGIS, Plaintiff-Appellant,
v.
UNITED STATES of America; George Lopez, Postmaster,
Defendants-Appellees.
 No. 95-15165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Araya Wolde-Giorgis appeals pro se the district court's grant of summary judgment for defendants on his claims filed pursuant to the Privacy Act of 1974, 5 U.S.C. Sec. 552a ("the Act"), and 42 U.S.C. Sec. 1983.[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Wolde-Giorgis contends that defendants violated the Act by disclosing information contained in a claim form to the recipient of an Express Mail package. In January 1993, Wolde-Giorgis mailed a crystalline picture frame for next-day delivery via Express Mail. Because the frame was damaged upon arrival, Wolde-Giorgis submitted a Postal Service Claim Form seeking reimbursement for the value of the frame, the price of postage and packaging, and the time he had lost preparing the package for mailing. As part of their investigation of this claim, pursuant to Postal Service policy, the United States Postal Service ("USPS") sent a letter to the recipient of the frame asking that the damaged item and the package in which it was mailed be presented for inspection. The USPS included the Claim Form with this letter.
 
 
 4
 To succeed on a claim for damages under the Act, a plaintiff must demonstrate that a government agency wilfully or intentionally disclosed a record, as defined by the Act, and that this disclosure resulted in "actual damage" to the plaintiff. See 5 U.S.C. Secs. 552a(b) (disclosure of records generally prohibited), 552a(g)(1)(D) (to establish a violation of the Act, must show an adverse effect from the disclosure), and 552a(g)(4) (to obtain damages under the Act, must show violation was wilful or intentional); Johnston v. Horne, 875 F.2d 1415, 1422 (9th Cir.1989) (holding that "gross negligence" is the standard for the Act's intent requirement; "actual damage" must be shown to establish an adverse effect). Although Wolde-Giorgis contends that the USPS violated the Act when it sent a copy of his Claim Form to the recipient of the picture frame, he did not establish that any actual damage was caused by the disclosure.[2] Accordingly, the district court did not err by granting summary judgment for defendants. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (to avoid summary judgment, the non-moving party must make "a showing sufficient to establish the existence of an element essential to that party's case").
 
 
 5
 To succeed on a section 1983 claim, plaintiff must establish that defendant's conduct deprived plaintiff of a constitutional right. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988). Wolde-Giorgis has not identified a constitutional right violated by defendants' conduct but merely claims that defendants' conduct violated his "basic constitutional rights." Accordingly, the district court properly granted summary judgment for defendants on Wolde-Giorgis's section 1983 claim. See Celotex Corp., 477 U.S. at 322.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wolde-Giorgis did not appeal the district court's grant of summary judgment for defendants on his Federal Tort Claims Act claim
 
 
 [2]
 In his reply brief, Wolde-Giorgis contends, for the first time, that the disclosure in question caused him embarrassment and humiliation. Because Wolde-Giorgis did not make this allegation before the district court or in his opening brief, we consider the issue waived. Barber v. Hawaii, 42 F.3d 1185, 1197 (9th Cir.1994) ("Failure to raise or brief an issue in a timely fashion constitutes waiver of the issue on appeal.") (citations omitted); United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985) (appellant has burden of proof on question that exceptional circumstances exist justifying this court's exercise of discretion to review issues not raised before the district court)